Cause No: 03-13-00307-CR

In the Court of Appeals

Third Supreme District

At Austin, Texas

ORIGINAL

110-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 26 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

Marc Trace Wyatt

Appellant

v.

The State of Texas

Appellee

On Appeal From Trial Court Cause No. 7583

Honorable Judge Reva Townslee Corbett Presiding

21st Judicial District

Lee County, Texas

## Appellant's Petition For Discretionary Review

Marc Trace Wyatt, Pro Se

#1853251

Polunsky Unit

3872 F.M. 350 South

Livingston, Texas 77351

# TABLE OF CONTENTS

Identity of Parties and Counsel

Table of Authorities

Statement of the Case

Issues Presented

    Point of Error One

The evidence presented was legally insufficient to prove the necessary pecuniary loss element as required by statute, to wit: The fair market value of the property at the time and place of the destruction of the property, pursuant to Tex. Penal Code Ann. § 28.06 (A).

    Point of Error Two

The evidence presented was legally insufficient to prove that the party named in the indictment as "owner" suffered a pecuniary loss of $20,000 or more but less then $100,000, as alleged in the indictment.

Statement of the Facts

Summary of the Argument

Argument and Authorities Point of Error One

Argument and Authorities Point of Error Two

Prayer

2

## Identity of Parties and Counsel

**Appellant:** Marc Trace Wyatt

**Counsel For The State**
Honorable Martin J. Placke
SBOT No. 16059020
County Attorney, Lee County
and
Ms. Pamela K. Giese
SBOT No. 07891150
Assistant County Attorney
200 South Main Street, Room 305
Giddings, Texas 78942

**Trial Counsel For Appellant**
Mr. Laurence Dunne III
111 W. 2d Street
Elgin Texas 78621

**Appellant Counsel For Appellant**
Forrest L. Sanderson, III
802 Pecan St
Bastrop, Texas 78602

# TABLE OF AUTHORITIES

CASES

Burks v. United States, 98 S.CT 214 (1978)

Campbell v. STATE, 426 S.W.3d 780 (Tx. Crim. App 2014)... 11,12,

Collins v. STATE, 740 S.W.2d 534 (Tx. App. Beaumont 1987, No Pet) pg 10,

Deas v. STATE, 752 S.W.2d 573 (Tx. Crim. App. 1988) ... 10,11,

Phillips v. STATE, 672 S.W.2d 885 (5th Dist. Dallas) ... 14,15,16,

Greene v. Massey, 98 S.CT. 2151 (1978)

Hodges v. STATE, 143 Tx Crim. 573, 160 S.W.2d 262 (1942)

In The Matter of M.T.B. 567 S.W.2d 46 (Tx. Civ. App.-El Paso 1928, No Writ) ... 16,

Jimenez v. STATE, 67 S.W.3d 493 (Tx. App.-Corpus Christi, 2002, Pet. Ref'd) ... 12,

Moreno v. STATE, 961 S.W.2d 512 (Tx. App. San Antonio 1997, Pet. Ref'd)

Sepulveda v. State, 751 S.W.2d 667 (Tx. App. Corpus ... 10, Christi 1988, Pet. Ref'd)

Sullivan v. State, 701 S.W.2d 905 (Tx. Crim. App. 1986) ... 9,10,13,

Weingarden Realty Investors v. Albertson's Inc. 66 F. Supp 2d 825 (Affirmed 234 F.3d 28)

Wilson v. Boyd 556 S.W.2d 121 ... 17,

## Penal Code

28.03 ... 9,14,15,
18.06
28.06 (a) ... 7,
28.06 (A)(2)
31.08

TO THE HONORABLE JUSTICES OF THE CRIMINAL COURT OF APPEALS:

Comes Now, Appellant, MARC TRACE WYATT, REFERRED To hereAFTER simply As "Appellant," And submits This Petition For Discretionary Review Pursuant To the Texas Rules of Appellate Procedure. THE STATE OF Texas, Appellee, shall be hereAFTER REFERRED To Simply As "The STATE".

## STATEMENT OF THE CASE

Appellant was charged by indictment with Criminal Mischief, $20,000 To $100,000, A Third degree Felony. THE indictment was ENHANCED To A FiRST degree Felony habitual OFFENDER status, by virtue of Two prior Felony Convictions included As Separate Counts in The indictment. The CASE WAS PRESENTED To A jury on The issues of guilt AND Punishment. The jury Found Appellant guilty OF The OFFENSE AS CHARGED in The indictment. During The Punishment Phase of THE Trial, Appellant pleaded True To The ENhancement PARAGRAPhs. AFter hearing THE Punishment Evidence, The jury ASSESSED Punishment AT incarceration in The Texas Department of Criminal Corrections, institutional Division, For 80 years

67

A Fine oF $5,000 And Restitution in The Amount
oF $40,995.61

## Issues Presented
### Point oF Error One

THE Evidence Presented was legally insufficient To
prove THE Necessary pecuniary loss element As Required
by statute, To wit: The Fair market value oF The Property
At The Time And place oF The destruction oF The Property,
Pursuant To Tex. Pen. Code Ann. §28.06 (A).

### Point oF Error Two

The Evidence presented was legally insufficient To prove
That The Party Named in The indictment As The "owner"
Suffered A pecuniary loss of $20,000 or more but
less Then $100,000, As Alleged in The indictment.

# STATEMENT OF THE FACTS

## CASE SUMMARY

THE FACTS OF THIS CASE CENTERS AROUND THE THEFT OF Aluminum Coils AND COPPER Wiring. TAKEN FROM SEVERAL AIR-CONDITIONING UNITS ON THE ROOF OF THE TRACTOR Supply STORE, located in THE City of Giddings, Lee County, TEXAS. THE OFFENSE OCCURRED during THE EARLY MORNING hours ON OR About April 26, 2012.

THERE IS NO REAL dispute That THE CRIME did OCCUR. The only REAL ISSUE ARGUED by THE PARTIES AT That STAGE WAS Whether THE CIRCUMSTANTIAL NATURE OF THE EVIDENCE OFFERED by THE STATE WAS SUFFICIENT TO PROVE beyond A REASONABLE doubt That Appellant WAS THE PERPETRATOR OF THE CRIME. On Appeal, Appellant CONTESTED Two SIGNIFICANT ISSUES CONCERNING THE legal SUFFICIENCY OF THE EVIDENCE; AND THE SECOND ISSUE Related TO THE PROPER PARTY AGAINST whom THE damages ACTUALLY did OCCUR.

8

# Summary of the Argument

## Point of Error One

Appellant argues that the State failed to present sufficient evidence for a rational trier of fact to determine the fair market value of the destroyed property when the only evidence offered as proof of the fair market value was descriptive.

## Point of Error Two

Appellant argues that the State failed to prove beyond a reasonable doubt that "owner" of destroyed property suffered a pecuniary loss of $20,000 to $100,000.

# Argument and Authorities

## Point of Error One

The State relies on Sullivan v. State, 701 S.W.2d 905 (Tx. Crim. App. 1986) for the proposition that testimony regarding replacement cost satisfies the need for evidence of the fair market value of the destroyed property. In Sullivan, the court interpreted the theft statute of the Penal Code, Section 31.08, which uses a similar definition of pecuniary loss as that contained in Section 28.06. Id at 906. The court held that an owner of personal

property may testify to the property's value, and "the presumption must be... that the owner is testifying to an estimation of the fair market value." Id. 909. Moreover, Sullivan provided a basis for two courts of appeals to hold that a property's owner testifying of the replacement cost of destroyed property sufficiently supports a conviction of criminal mischief. Sepulveda v. State 751 S.W.2d 667, 669 (Tx. App. Corpus Christi 1988, pet. ref'd) Collins v. State, 740 S.W.2d 534, 535-36 (Tx. App. Beaumont 1987, no pet.) After Deas v. State, 752 S.W.2d 573, 575 (Tx. Crim. App. 1988) Appellant does not believe Sepulveda and Collins to be accurate interpretations of pecuniary loss in criminal mischief cases. It appears that the requirement that the state offer evidence of fair market value guards against a prosecution based on inflated replacement cost testimony. For this reason Appellant does not believe Sullivan controls.

Sepulveda and Collins both relied on Sullivan's interpretation of pecuniary loss under the theft statute. In Sullivan, as in most theft prosecutions, the owner/witness testified as to the value of the stolen item, a pistol. Sullivan, 701 S.W.2d at 907. The owner/witness did not testify to the amount

10

paid for a replacement pistol, but rather the value of the pistol stolen. As Sullivan correctly analyzes, we can presume that the owner/witness based this amount on commonly understood terms that reflect the value of his personal property at the time it was stolen. Id A 909. The court further held that the presumtion arises reguardless of whether the owner testifies about the purchase price or the replacement value. Id

However, in Deas v. State 752 S.W.2d 573 (Tx. Crim App. 1988) And the case at bar, the owner/witness sought to testify to the cost of replacing the destroyed item, not the cost of the item destroyed. The record offers no evidence of the value of the Air-Conditioning units destroyed by Appellant.

The Testimony of David Rose, An Assumed owner, gave testimony only to the replacement cost of $28,500 for new replacement units. No testimony was heard as to what the insurance company paid for the used units destroyed. Absent this type of testimony, the court of appeals relies on Campbell v. State 426 S.W.3d 780, 784, 785 (Tx. Crim App. 2014) Here, the owner testified that the cost of rebuilding a building destroyed by arson, would cost $1,000,000. This testimony reflected the owners

value on the building destroyed, and not on a new replacement building. This testimony of the cost to rebuild by the owner placed a fair market value on the destroyed building. Not on a replacement building. The Court of Appeals also relies on Jimenez v. State, 67 S.W.3d 493, 506 (Tx. App. - Corpus Christi, 2002, pet. Ref'd) (holding that amount insurance company paid for destroyed vehicle was legally sufficient to prove fair market value even absent specific statement in record regarding value) It is commonly understood that insurance company's who insure vehicles use a system to determine what is called a "Blue Book value" on vehicles. In Jimenez supra, the insurance company base it's payment based on the "Blue Book", fair market value of the destroyed vehicle. Again, the insurance company based its value of the used vehicle, not the cost of a new replacement vehicle. As such, a fair market value was placed on the used vehicle by the insurance company's "Blue Book" estimate. In the instant case, the owner/witness gave no such testimony. The testimony of David Rose relies solely on the inflated cost of replacing the destroyed units paid for by an insurance company. Therefore distinguishing itself from both Jimenez and and Campbell supra.

THE INFLATED COST OF THE destroyed units Replaced by New units is evident Through The Testimony OF Mike Stephens, Sales Manager AT Johnson Controls, who Testified That The original COST OF The destroyed Units WAS between $22,000 And $24,000. Sullivan v. State, 201 S.W.2d 905, 909 (Tex. Crim. App. 1986) "... Non-owner must be qualified As To Knowledge OF The value OF property And give Explicit Testimony As To FAIR MARKET value OR Replacement value." Stephens only Testified As To The original COST OF The destroyed units. Stephens gave no explicit Testimony, As Required by Sullivan, As To FAIR MARKET value OR Replacement value. Testimony Relied on by The Court OF Appeals by Stephens is only OF A discriptive NATURE, "... utilized The newest Technology involving microchannels..." "... units WERE very expensive..." This Evidence Falls Short OF The Sullivan Requirement.

David Rose, An Employee OF Bingham Construction Company, Testified That At The Time The Air-Conditioning units WERE destroyed, They "... WERE in perfect Operating condition..." And "... basically New units still..." Although No direct Testimony OR Evidence WAS given AS To The AGE OF The USED units, evidence WAS given That The units WERE USED, And had depreciated in

value from the date of installation. David Rose's testimony of "... Basically new units still..." is descriptive of the units that were destroyed. This offers no evidence of the fair market value of the units. The only other testimony offered by David Rose pertains to the replacement cost of the new units. See Phillips Supra. No evidence or testimony by David Rose about the destroyed units and their cost to rebuild was offered, nor the amount an insurance company paid for the destroyed units, only the amount paid for the new replacement units.

Appellant directs this courts attention to Gloria Dean Phillips v. State of Texas 672 S.W.2d 885. (Court of App. 5th Dist.) Here the defendant was accused of cutting tires on a police vehicle. She was charged under Texas Penal Code 28.03(1984) which required proof of the amount of pecuniary loss suffered by the owner of the damaged or destroyed property. The proof at the trial court level established that the tires were destroyed and had to be replaced. Defendant was convicted of criminal mischief. She contended that there was no evidence that the pecuniary loss to the owner was at least $20.00 but less then $200.00. The court agreed and reversed the judgement because, Although the State asked both

witnesses if they were familiar with the fair market value of the tires, neither witness testified as to the fair market value pursuant to Tex. Penal Code Ann. 28.06 (A)(1) and 28.06 (A)(2) but only as to replacement cost. Nor did either witness testify that the fair market value could not be ascertained. Therefore, the court concluded that replacement cost could not be considered as evidence of pecuniary loss. Defendant was ordered acquitted as was required in a reversal for insufficiency of evidence. Phillips supra is not distinguishable from the case at bar. The Appellant, as in Phillips, relies on IN THE MATTER OF M.T.B. 567 S.W.2d 46 (Tx. Civ. App. 1978) In that case, the court held that there must be proof of the fair market value of the property before destruction, or that the fair market value could not be ascertained. id. at 47. Only then will replacement cost be competent evidence of pecuniary loss. id

In the case at bar, the court of appeals relies on descriptive testimony about the destroyed units as evidence of pecuniary loss, testimony by Eugene Fitzpatrick, manager at Tractor Supply, testified that the building that the units serviced ".. was newly constructed..." Mike Stephens, sales manager for the vendor Johnson Controls testified that

15

THE DESTROYED UNITS UTILIZED THE NEWEST TECHNOLOGY involving microchannels. He Further Testified that the destroyed units cost between $22,000 and $24,000 when purchased New. He gave No Testimony As To depreciated value. David Rose, An Employee of Bingham Construction, Testified That the destroyed Units "... were in perfect operating condition..." And "basically New units still." He Further Testified As To The Replacement Cost, installation Cost And shipping cost of The New Replacement Units. No witness gave Testimony As To The FAIR MARKET value As Required by <u>IN The Matter of M.T.B.</u> Supra. Although Evidence was given describing The destroyed units, this Type of Evidence was Rejected by The Court of Appeals, 5th. Dist. Dallas, in it's Rueling of <u>Gloria Jean Phillips</u> SupRA. In That case, The owner/witness Testified That The destroyed tires were "Police Special" Tires Especially designed For Police Work. Presumably, The Tires were Basically New Still, And utilized The latest Police Technology. Yet The Court Rejected This descriptive Evidence As proof of pecuniary loss. In The instant case, descriptive Evidence was used As A means To prove Pecuniary loss. This is in direct Conflict with The Rueling in Phillips.

POINT OF ERROR TWO

16

Appellants Second point of error challenges the evidence naming David Rose (Bingham Construction) as a possible owner. Appellant relies on <u>Wilson v. Boyd 536 S.W.2d 121</u> "General Rule that contract made by person carrying on business without license in violation of regulatory statute is void and unenforceable..."

The owner of the Tractor Supply store, through Testimony, is a company known as "J.W. Giddings XV." This company contracted with Bingham Construction to build the building known as "Tractor Supply of Giddings." The contract was only for the construction of said building. Bingham Construction placed warrenties on the building to cover workmanship, foundation, electrical and plumbing for a set number of years. The contract does not cover vandalizim, theft, arson or acts of nature. Evidence at trial established a casual connection between Bingham Construction and that of "J.W. Giddings" XV, even though no testimony was offered by "J.W. Giddings XV." Bingham Construction is not licensed by the State Regulatory Office to conduct business as a management company for J.W. Giddings XV. No Authority Exist to lease or manage a building it simply does not own.

Testimony by Mike Stephens shows that the Air-Conditioning units that were destroyed were purchased by Tractor Supply via their Account. Bingham Construction

17

did not own the destroyed units, and therefore could not be said to be "Owner". Bingham Construction did not have "Care, custody and control" of property belonging to Tractor Supply as required by law. Evidence at the trial level shows that David Rose only purchased the new units and did not receive payment for the destroyed units. As a non-owner, David Rose could not legally receive an insurance payment on the destroyed units he did not own. Had evidence at trial shown the amount paid by the insurance company for the destroyed units, then a fair market value could have been ascertained. See Jimenez v. State, supra.

## PRAYER

Appellant ask the Court of Criminal Appeals to solve the conflict between the case at bar and that of Gloria Jean Phillips v. The State of Texas 671 S.W. 2d 885

Appellant also ask the Court of Criminal Appeals to reject the evidence that David Rose could be "Possible Owner" of destroyed units

Appellant request that an order of Acquittal be entered in this case.

CERTIFACATE OF SERVICE

I, MARC TRACE WYATT, CERTIFY That A TRUE AND CORRECT COPY OF OF The FORSOING Petition FOR DISCREATIONARY REVIEW TO:

MARTIN J. PLACKE
200 South MAIN, Rm 305
Giddings, Texas 78942

STATE PROSECUTING ATTORNEY
P.O. Box 13046
CAPitol STATion
Austin, Td. 78711

ON Feb, 21, 2015 by placing SAme in The U.S. MAil.

Marc Wyatt

MARC WYATT 1853251
Polunsky Unit
3872 F.M. 350 South
Livingston Tx. 77351

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00307-CR

**Marc Trace Wyatt, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
### NO. 7583, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury convicted appellant, Marc Trace Wyatt, of criminal mischief with pecuniary loss of at least $20,000 but not more than $100,000, a third-degree felony. *See* Tex. Penal Code § 28.03(a),(b)(5). The jury assessed punishment, enhanced by two prior felony convictions, at 80 years in prison and a fine of $5,000. *See id.* §§ 12.32 (first-degree felony punishment range), .42 (third-degree felony punished as first-degree felony for habitual offenders). On appeal, appellant challenges the sufficiency of the evidence to support his conviction. We will affirm.

A person commits the offense of criminal mischief when he intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. *Id.* § 28.03(a)(1). The amount of pecuniary loss determines the degree of the offense and thus forms the basis of the punishment assessed. *See id.* § 28.03(b). In the present case, the indictment alleged that, on or about April 26, 2012, appellant "did . . . intentionally or knowingly damage or destroy

tangible property, to wit: four (4) 10-ton and one (1) 3-ton air-conditioning units, by removing all aluminum coils from said units, without the effective consent of Eugene Fitzpatrick dba Tractor Supply of Giddings, Lee County, Texas, the owner of said property, and did thereby cause pecuniary loss of $20,000.00 or more but less than $100,000.00 to the said owner."

In two issues on appeal, appellant challenges the sufficiency of the evidence to support two elements of the offense: (1) the amount of pecuniary loss, and (2) the identity of the owner who suffered the loss. Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Rabb*, 434 S.W.3d at 616. We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the jury reached a rational decision. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) ("'Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally.'" (quoting *Laster*, 275 S.W.3d at 518)).

In issue one, appellant challenges the sufficiency of the evidence to support the jury's finding that the amount of the loss was at least $20,000. Although the jury charge tracked the indictment precisely, it is not disputed that the evidence at trial established that the air-conditioning

2

units were destroyed, not merely damaged. If property is destroyed rather than damaged, the amount of pecuniary loss is (1) the fair market value of the property at the time and place of the destruction, or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction. Tex. Penal Code § 28.06(a). The State concedes that there is no evidence that the fair market value of the air conditioning units could not be ascertained; accordingly, we must determine whether there is sufficient evidence that the fair market value of the property at the time and place of destruction was at least $20,000. *See Lackey v. State*, 290 S.W.3d 912, 919 (Tex. App.—Texarkana 2009, pet. ref'd); *Rivera v. State*, 885 S.W.2d 581, 584 (Tex. App.—El Paso 1994, no pet.). The appellant contends there is no evidence of fair market value and only evidence of replacement cost. We disagree.

Eugene Fitzpatrick, manager of the Tractor Supply store, testified that the building serviced by the air-conditioning units was newly constructed by Bingham Construction approximately 18 months before the units were destroyed. Mike Stephens, sales manager for the vendor who provided both the original and replacement air-conditioning units, testified that the damaged units utilized the newest technology involving microchannels and that this type of technology first became available near the time the Tractor Supply building was constructed. According to Stephens, the units were very expensive, the price charged for the damaged units was between $22,000 and $24,000, and the acquisition price reflected a discount because the purchaser (presumably Bingham Construction) had purchased a large number of units from the vendor. David Rose, an employee of Bingham Construction, which is affiliated with the building landlord, testified that at the time the air-conditioning units were destroyed, they "were in perfect operating condition"

and "[b]asically new units still." Rose further testified that his company paid $28,500 for the replacement units, which was the "usual and customary" price, and $5,700 for installation, which was "very reasonable" for that type of work. There was also evidence that the replacement units had to be obtained from a location outside of Texas. Finally, there is evidence that insurance paid for all but $1,000 of the replacement cost. Although there was no express opinion testimony about the fair market value of the units at the time of their destruction, we conclude that the foregoing evidence is sufficient to permit a rational juror to find beyond a reasonable doubt that the fair market value of the five damaged air-conditioning units at that time was at least $20,000. *See Campbell v. State*, 426 S.W.3d 780, 784, 785 (Tex. Crim. App. 2014) (owner's opinion of fair market value to replace property at time of destruction was sufficient to establish fair market value of property at time and place of destruction); *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986) (owner of property may give opinion or estimate of property in general terms while non-owner must be qualified as to knowledge of the value of property and give explicit testimony as to fair market or replacement value); *Jimenez v. State*, 67 S.W.3d 493, 506 (Tex. App.—Corpus Christi 2002, pet. ref'd) (holding that owner's testimony regarding amount insurance company paid for destroyed vehicle was legally sufficient to prove fair market value even absent specific statement in record regarding value). We therefore overrule appellant's first issue.

Appellant's second issue complains of an alleged discrepancy between the indictment and the evidence at trial regarding the identity of the property owner who bore the loss. The indictment alleges that Eugene Fitzpatrick, d/b/a Tractor Supply of Giddings, Lee County, Texas (Tractor Supply) was the owner of the air-conditioning units and that "the said owner" suffered

4

pecuniary loss of at least $20,000. Under the Penal Code, an "owner" is defined as "a person who . . . has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Tex. Penal Code § 1.07(a)(35)(A). It is undisputed that Tractor Supply leases the building that was serviced by the destroyed air-conditioning units. Appellant therefore concedes that Tractor Supply was properly named in the indictment as an "owner" of the units. The evidence, however, reflects that Tractor Supply did not pay to replace the air-conditioning units. Rather, it is undisputed that the building's owner, Tractor Supply's landlord, incurred the loss. Accordingly, appellant contends that there is a fatal variance between the indictment and the proof offered at trial with regard to the "owner" who suffered the loss. That is, the indictment alleged that Tractor Supply suffered a loss of at least $20,000, but the evidence at trial established that the landlord actually suffered the loss.

A variance occurs when there is a discrepancy between the charging instrument and proof at trial. In such a situation, "the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance between the wording of the indictment and the evidence presented is fatal only if it is material and prejudices the defendant's substantial rights. *Id.* at 257. In assessing materiality, we are to ask two questions: first, "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial," and, second, "whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Id.* at 248.

5

We conclude that the variance between the indictment's allegation that Tractor Supply suffered the loss and the proof at trial that the landlord actually suffered the loss is immaterial because (1) Tractor Supply and the landlord are joint owners of the same property under the definition of "owner" in section 1.07(a)(35)(A) of the Penal Code, (2) the name of the owner is not a statutory element of the offense in section 28.03 of the Penal Code, (3) the identity of the owner who suffers the pecuniary loss is also not a statutory element under section 28.03, (4) the record reflects that the variance did not operate to surprise or mislead appellant or impair his ability to prepare an adequate defense, and (5) the variance does not affect the allowable unit of prosecution such that appellant would be in danger of being prosecuted in the future for the same criminal offense (i.e., the proof at trial does not show "an entirely different offense" than what was alleged in the indictment). *See Johnson v. State*, 364 S.W.3d 292, 295, 298-99 (Tex. Crim. App. 2012) ("[A] variance involving a non-statutory allegation that describes an 'allowable unit of prosecution' element of the offense may or may not render the evidence legally insufficient, depending upon whether the variance is material . . . [and] other types of variances involving immaterial non-statutory allegations do not render the evidence legally insufficient."); *Gollihar*, 46 S.W.3d at 257 ("A variance between the wording of an indictment and the evidence presented at trial is fatal only if 'it is material and prejudices [the defendant's] substantial rights.'"); *cf. Cada v. State*, 334 S.W.3d 766, 768 (Tex. Crim. App. 2011) ("[A] variance between the pleading of one statutory element ('a witness') and proof of a different statutory element ('a prospective witness' or 'an informant') is material."); *Byrd v. State*, 336 S.W.3d 242, 244-45, 257-58 (Tex. Crim. App. 2011) (holding evidence insufficient to support conviction where indictment alleged theft from one person

6

but evidence showed another owner and no evidence linked person named in indictment to actual owner). We therefore review the sufficiency of the evidence under the hypothetically correct jury charge for the case, not the jury charge that was actually given. *Gollihar*, 46 S.W.3d at 257. The hypothetically correct charge need not incorporate allegations that give rise to immaterial variances. *Id.* Applying this standard, the evidence is sufficient to support the jury's finding that (1) Tractor Supply and the landlord were owners of the air-conditioning units, (2) Tractor Supply did not consent to the destruction of that property, and (3) the landlord suffered pecuniary loss from their destruction. We overrule appellant's second issue.

Having overruled the issues presented on appeal, we affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: December 19, 2014

Do Not Publish

7

MArc Wyatt 1853251
Polunsky Unit
3872 F.M. 350 S.
Livingston TX
77351

Court of Criminal Appeals
P.O. Box 12308
Austin TX 78711

78711\32308